UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY O. WILSON,

    Plaintiff,

v.

ATLANTICUS SERVICES
CORPORATION,

    Defendant.

Case No. 19-11672
Honorable Laurie J. Michelson
Magistrate Judge Michael J. Hluchaniuk

**OPINION AND ORDER ADOPTING RECOMMENDATION [24]
AND GRANTING DEFENDANT'S MOTION TO DISMISS [8]**

When Anthony Wilson opened his mail one day, he saw a letter that he believed "pre-approved" him for a credit card. Wilson replied to the company that he was interested in the credit card. But then another letter soon arrived in Wilson's mailbox: Denied.

Wilson believes that his rejection was based on discrimination because of his race, disability, and income status. So he filed a six-count complaint against Atlanticus Services Corporation ("Atlanticus"), the company responsible for the letter. In turn, Atlanticus filed a motion to dismiss. Magistrate Judge Michael J. Hluchaniuk agreed with Atlanticus in a thorough report and recommendation, to which Wilson objected.

For the reasons explained below, the Court adopts the recommendation and grants the motion to dismiss with prejudice.

**I.**

Wilson's complaint is sparse, but it alleges several facts. Namely, he received a pre-approval offer from Fortiva, which is a credit card offered by Atlanticus. (ECF No. 1, PageID.9; ECF No. 8, PageID.28.) Wilson also says that the letter was sent to him "pursuant to a soft inquiry

as a prescreened offer." (ECF No. 1, PageID.9.) (Wilson does not clarify what he means by the term "soft inquiry.") After Wilson applied, Atlanticus denied his request for a credit card even though his "overall financial picture, health, and status, which gave rise to the pre-approved offer[,] had not materially changed," he says. (*Id.*) He also alleges that the offer was made "pursuant to a soft inquiry of [his] credit report." (ECF No. 1, PageID.10.)

Wilson asserts six causes of action: state-law breach of contract, state-law fraud and misrepresentation, violation of two Michigan statues (the Consumer Protection Act and the Elliott-Larsen Civil Rights Act), and violation of two federal statutes (the Fair Credit Reporting Act and the Equal Credit Opportunity Act). (*Id.*) Atlanticus argues that Wilson failed to state a claim for any of those six causes of action and that he failed to properly effectuate service, in violation of Federal Rules of Civil Procedure 12(b)(6) and 12(b)(5), respectively. (ECF No. 8, PageID.36, 39.) The magistrate judge agreed and recommended granting the motion to dismiss. (ECF No. 24.)

Wilson's specific objections to the report and recommendation are somewhat unclear and virtually non-existent. He "object[s] in general to all recommendations of the Court and the findings upon which said recommendations are based." (ECF No. 25, PageID.138.) Wilson also declined to label his objections and requested a waiver of the local rule that requires objecting parties to do so. (*Id.*) *See* L.R. 72.1(d). Construed generously, he asserts that the Court can draw reasonable inferences that Atlanticus is liable for the six claims and that he properly served Atlanticus. (ECF No. 25, PageID.139–143.)

**II.**

Any party "may serve and file specific written objections to the proposed findings and recommendations" of a magistrate judge. Fed. R. Civ. P. 72(b)(2). Regarding the objected-to portions of a report and recommendation, the Court performs a de novo review. *See* 28 U.S.C.

§ 636(b); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). Regarding the other findings, the Court need not and does not take a fresh look. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012).

In deciding a motion to dismiss under Federal Rule of Procedure 12(b)(6), the Court "construes the complaint in the light most favorable to the plaintiff, accepts the plaintiff's factual allegations as true, and determines whether the complaint 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 403 (6th Cir. 2012) (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court "need not, however, accept unwarranted factual inferences." *Bennett v. MIS Corp.*, 607 F.3d 1076, 1091 (6th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

### III.

Atlanticus argues that Wilson failed to make specific objections and therefore waived review. (ECF No. 26, PageID.148.) But even if the Court assumes that Wilson properly objected, a review of each claim shows that the magistrate judge's rulings were not erroneous.

*Breach of contract*: A plaintiff must establish three elements to make out a breach-of-contract claim under Michigan law: a contract, a breach by the other party, and a resulting injury. *See El-Khalil v. Oakwood Healthcare, Inc.*, 934 N.W.2d 665, 672 (Mich. 2019). Here, the magistrate judge concluded that the complaint does not adequately allege the formation of a contract or that Wilson suffered damages. (ECF No. 24, PageID.133.) Indeed, Wilson's complaint does not identify any specific terms of the alleged contract. Nor does he sufficiently explain the

3

extent of his injury, if any. Because Wilson's objection fails to identify any error with this ruling, the Court overrules the objection.

*Fraud and misrepresentation*: Under Michigan law, there are six elements to a fraud claim. *See SFS Check, LLC v. First Bank of Del.*, 774 F.3d 351, 358 (6th Cir. 2014) (citing *Titan Ins. Co. v. Hyten*, 817 N.W.2d 562, 567–68 (Mich. 2012)). Additionally, the federal rules require a heightened pleading standard for fraud allegations: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." *Id.* (quoting Fed. R. Civ. P. 9(b)). The plaintiff must "(1) specify the time, place, and content of the alleged misrepresentation; (2) identify the fraudulent scheme and the fraudulent intent of the defendant; and (3) describe the injury resulting from the fraud." *Id.* Wilson fails to plead the fraudulent intent of Atlanticus, among other potential deficiencies. So even if he could make out all six elements of a fraud claim, which need not be decided, he has not sufficiently pled fraud under Rule 9(b). And he gives no indication that he could do so.

*Michigan Consumer Protection Act (MCPA)*: The MCPA prohibits several "[u]nfair, unconscionable, or deceptive methods, acts, or practices." *See* Mich. Comp. Laws § 445.903(1). Wilson's complaint, though, does not explain how Atlanticus violated the MCPA. The magistrate judge recommended dismissal of this count. (ECF No. 24, PageID.129.) Wilson makes no specific objection to the MCPA recommendation, so the Court will not take a fresh look. This claim will be dismissed.

*Elliott-Larsen Civil Rights Act (ELCRA)*: Wilson's complaint also fails to identify how the conduct of Atlanticus violated ELCRA, Mich. Comp. Laws § 37.2101 to 37.2804, which prohibits discrimination in areas such as employment, housing, public accommodations. As the magistrate

judge noted, Wilson cited the "public accommodations" provision, Mich. Comp. Laws § 37.2302, for the first time in his response to the motion to dismiss. (ECF No. 24, PageID.117.) That section of ELCRA makes it unlawful to "[d]eny an individual the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation or public service because of religion, race, color, national origin, age, sex, or marital status." Mich. Comp. Laws § 37.2302(a). Further, the statute defines "place of public accommodation" as "a business, or an educational, refreshment, entertainment, recreation, health, or transportation facility, or institution of any kind, whether licensed or not, whose goods, services, facilities, privileges, advantages, or accommodations are extended, offered, sold, or otherwise made available to the public." Mich. Comp. Laws § 37.2301(a). Magistrate Judge Hluchaniuk concluded that Atlanticus was not a "place of public accommodation" and that Wilson had failed to state an ELCRA claim. Since Wilson makes no specific objection here, the Court also dismisses this claim.

*Fair Credit Reporting Act (FCRA)*: The Court, like the magistrate judge, infers from Wilson's complaint that his FCRA claim relates to 15 U.S.C. § 1681b, which governs the permissible use of consumer reports. In particular, consumer reports are only "authorized to be furnished" in certain situations. *See* 15 U.S.C. § 1681b(f)(1). To make out a claim for improper use of a credit report, Wilson must show "(i) that there was a 'consumer report' within the meaning of the statute; (ii) that the defendant used or obtained it; and (iii) that the defendant did so without a permissible statutory purpose." *Bickley v. Dish Network, LLC*, 751 F.3d 724, 728 (6th Cir. 2014) (citation omitted). Wilson speculates that Atlanticus obtained his consumer report and did so for an impermissible purpose, but he provides sparse factual detail. In turn, the magistrate judge found that Wilson did not plead the elements of an FCRA violation. (ECF No. 24, PageID.126.) Wilson's objection simply states that Atlanticus has not provided him with a copy of his consumer credit

report (ECF No. 25, PageID.143)—but that does not identify any error in the magistrate judge's ruling. For that reason, his FCRA claim fails.

*Equal Credit Opportunity Act (ECOA)*: Wilson, in his complaint, states that he is "of the belief that my application for credit was denied because of my race[, which is] African American, Disability, and Income Derivation." (ECF No. 1, PageID.10.) Under ECOA, it is unlawful "for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction" based on several characteristics, including race and the use of public assistance. *See* 15 U.S.C. § 1691(a). But Wilson has not pled any facts that would indicate discriminatory conduct, such as the existence of a similarly situated applicant of a different race whose application was approved. *See 16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 506 (6th Cir. 2013) ("No doubt disparate treatment of similarly situated people may support an inference of discrimination. But the plaintiffs have not identified any similarly situated individuals whom [Defendant] treated better. They have merely alleged their 'belief' that such people exist." (internal citation omitted)). Rather, Wilson only gives "a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). As the magistrate judge concluded, that is not enough for the ECOA claim to survive a motion to dismiss under Rule 12(b)(6). And Wilson's objection offers nothing specific to undermine that determination.

*Failure to effectuate service*: Finally, Atlanticus moved to dismiss the case under Rule 12(b)(5). When the case was removed from state court to federal court, Wilson faxed a copy of the state-court summons to Atlanticus. (ECF No. 8-1.) Atlanticus argues that this did not constitute proper service of a federal complaint. (ECF No. 8, PageID.39 (citing Fed. R. Civ. P. 4(h)).) Because the Court affirms the above recommendations to dismiss, there is no need to address whether Wilson effectively served Atlanticus.

## IV.

In conclusion, the Court ADOPTS the magistrate judge's recommendation (ECF No. 24) and GRANTS Atlanticus' motion to dismiss all counts (No. 8.) Wilson's claims are hereby DISMISSED WITH PREJUDICE.

SO ORDERED.

Dated: March 11, 2020

s/Laurie J. Michelson  
LAURIE J. MICHELSON  
UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on March 11, 2020.

s/Erica Karhoff  
Case Manager to the  
Honorable Laurie J. Michelson